UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23809-CIV-LENARD/TURNOFF

**MARIA ELVIRA SALAZAR and
RENZO MAIETTO,**

    Plaintiffs,

v.

**WELLS FARGO BANK, N.A.,**

    Defendant.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION (D.E. 75), DENYING DEFENDANT'S MOTION FOR
RULE 11 SANCTIONS (D.E. 30), AND GRANTING DEFENDANT'S MOTION
FOR COSTS (D.E. 56)**

**THIS CAUSE** is before the Court on the Report and Recommendation of Magistrate Judge William C. Turnoff ("Report," D.E. 75), issued on July 6, 2010. On July 16, 2010, Defendant filed its objections to the Report ("Objections," D.E. 77), to which Plaintiffs filed their response ("Response," D.E. 78), on July 21, 2010. Having considered the Report, Objections, Response, related pleadings, and the record, the Court finds as follows.

**I.  Background**[1]

Plaintiffs' Complaint alleges several causes of action against Defendant in connection with the refinancing of their home. The Complaint alleges, *inter alia*, Defendant violated

---

[1] As an initial matter, this case was dismissed twice without prejudice due to Plaintiffs' failure to comply with the Court's orders. (See D.E. 31, 55.) For a more extensive recitation of the procedural history of this case see pages 1-3 of the Report.

the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.* (Count 1) and Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, *et seq.* (Count 2).[2] Plaintiffs sought rescission and damages from Defendant in their Complaint.

On February 23, 2010, the Court dismissed this action without prejudice for the first time. (See D.E. 31.) That dismissal was due to Plaintiffs' failure to comply with multiple Court orders requiring the filing of a form indicating consent or non-consent to jurisdiction before a Magistrate Judge. Specifically, the Order states:

> On January 6, 2010, the Court issued an Order [5], directing the parties to file, inter alia, a completed form indicating whether the parties agree to have a U.S. Magistrate Judge decide certain issues. The parties were directed to file such form within 30 days. On February 16, 2010, the Court issued an Order to Show Cause (D.E. 28), directing the parties to file a consent form on or before February 22, 2010, and instructed the parites that "failure to comply shall result in dismissal of this action." As of the date of this Order, the parties have not filed a consent form or otherwise submitted good cause for failure to do so. Accordingly, pursuant to Fed. R. Civ. P. 41(b), this case is DISMISSED WITHOUT PREJUDICE for failure to comply with the Court's Orders and all pending motions are DENIED AS MOOT.

(Id.) On March 18, 2010, the Court, *inter alia*, granted Plaintiffs' motion for reconsideration and reopened the case. (See D.E. 38.)

On April 20, 2010, the Court dismissed this action without prejudice for the second time. (See D.E. 55.) That dismissal was due to Plaintiffs' repeated failure to comply with multiple Court orders requiring Plaintiffs' counsel to schedule mediation and file a proposed

---

[2] The Complaint also alleged claims for breach of the implied covenant of good faith and fair dealing, breach of the implied warranty of good faith and fair dealing, unjust enrichment, and to quiet title pursuant to Fla. Stat. § 65.061.

order scheduling mediation. (See 47, 53, 55.) Specifically, the Order states:

> On April 13, 2010, the Court issued an Order to Show Cause (D.E. 53), directing Plaintiffs to file a new proposed order scheduling mediation, with a date agreed upon by all parties, on or before April 15, 2010, or "show cause why failure to comply with this Court's orders should not result in appropriate sanctions." As of the date of this Order, Plaintiffs have not complied with the Court's April 13, 2010, Order or shown cause for their failure to comply. Accordingly, it is ORDERED AND ADJUDGED that this action is DISMISSED WITHOUT PREJUDICE, all pending motions except Defendant's motions for sanctions (D.E. 30, 44) are DENIED AS MOOT, and this case is now CLOSED.

(D.E. 55.)

On February 23, 2010, Defendant filed its motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.[3] (See "Motion for Sanctions," D.E. 30.) The Motion for Sanctions seeks sanctions against Plaintiffs (individually) and their counsel based on the alleged frivolous nature of the Complaint and various representations made therein. Defendant argues Plaintiffs' Complaint TILA and FDUTPA claims were frivolous at their inception. On March 18, 2010, the Motion for Sanctions was referred to the Magistrate Judge. (See D.E. 39.)

On April 22, 2010, Defendant filed its motion seeking costs. (See "Motion for Costs," D.E. 56.) The Motion for Costs seeks $350.00 in costs as a result of this action.

On May 20, 2010, the Magistrate Judge held a hearing on both Defendant's Motion for Sanctions and its Motion for Costs. At the hearing, the Magistrate Judge expressed

---

[3] Plaintiffs filed their response to the Motion for Sanctions on April 9, 2010, and Defendant filed its reply on April 16, 2010. (See D.E. 48, 54.)

3

concern over whether or not Plaintiffs themselves were aware of the severity of the issues involved. Therefore, the Magistrate Judge re-scheduled the hearing and directed Defendant to personally serve Plaintiffs with an order requiring their attendance. (See D.E. 67.) The Magistrate Judge allowed the Parties to submit further briefing.

On June 16, 2010, the Magistrate Judge conducted its second hearing on the matter. Plaintiffs were present for that hearing. At the hearing, the Magistrate Judge heard from Plaintiffs as well as both their initial counsel, Julio Cesar Marrero ("Marrero"), and their current counsel Harvey D. Rogers ("Rogers"). (See D.E. 74, Tr. of June 16, 2010, Hearing.) On July 6, 2010, the Magistrate Judge issued his Report.

**II.     Report and Objections**

The Report recommends the Court deny Defendant's Motion for Sanctions as to both Plaintiffs and their counsel and grant Defendant's Motion for Costs. Specifically, the Magistrate Judge found that "the claims brought by Plaintiffs were not objectively frivolous so as to merit Rule 11 sanctions." (Report at 6.) Importantly, the Magistrate Judge notes that this case was never decided on the merits but rather was dismissed without prejudice due to Plaintiffs' failure to comply with Court orders. While noting it was not "the strongest of cases," there were problems with "counsel's mismanagement of this action," and counsel exercised "poor judgment," the Magistrate Judge found that none of these deficiencies rose "to a level warranting Rule 11 sanctions, and that even if such sanctions were warranted, the dismissal of Plaintiffs' action constitutes sufficient punishment." (Id. at 6-7.) Moreover, the

Magistrate Judge notes in the Report that this type of case implicates a relatively new and undeveloped area of law and that imposing sanctions in this case might chill potentially valid causes of action in the future. (Id. at 11.)

Defendant objects to the Report and contends the Court should conduct a *de novo* review of the Magistrate Judge's findings. (Objections at 3.) First, Defendant objects that the Magistrate Judge erred by failing to recognize the clear exemption of federal banks from liability under FDUTPA and thus how Plaintiffs' FDUTPA claim was objectively frivolous. Second, Defendant objects that the Magistrate Judge erred in finding that Plaintiffs could not have known who owned the mortgage note at the time the Complaint was filed. Third, Defendant objects that Plaintiffs' claim for damages under TILA was time-barred and the Magistrate Judge erroneously applied the wrong statute of limitations to this claim. Fourth, Defendant objects that Plaintiffs' TILA rescission claim was frivolous as a matter of law and the Magistrate Judge erroneously found the "Return to Float Fee" should have been disclosed in the TILA disclosure statement. Finally, Defendant objects that the documents attached to Plaintiff's Complaint clearly show that the alleged TILA disclosure violation pertaining to the disclosed finance charge was within the safe harbor permitted by 15 U.S.C. § 1605(f)(2)(A). Thus, Defendant claims the Magistrate Judge erred in declining to award sanctions.

In response, Plaintiffs dispute the Defendant's characterization of their claims as frivolous and assert there existed circumstances that made their filing of these claims

reasonable at the time. Plaintiffs further argue the merits of their TILA and FDUTPA claims.

**III.    Standard of Review**

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A), this Court reviews the Magistrate Judge's Report to determine whether it is "clearly erroneous or contrary to law." See In re Commr's Subpoenas, 325 F.3d 1287, 1292 n.2 (11th Cir. 2003). Findings of fact "are 'clearly erroneous when, although there is evidence to support [them], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Johnson & Johnson Vision Care, Inc., v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246 (11th Cir. 2002) (citing Univ. of Georgia Athletic Ass'n v. Laite, 756 F.2d 1535 (11th Cir. 1985)). A review of the Magistrate Judge's application of the law is *de novo*, as the "application of an improper legal standard . . . is never within a court's discretion." Id. (internal citation omitted). In addition, to the extent the magistrate judge's findings turn on evaluations of credibility or "demeanor-intensive fact finding," those findings should not be rejected or overruled lightly as "the raw transcript of the hearing" does not capture the "nuances of the testimony or the demeanor of the witnesses." Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1248-50 (11th Cir. 2007).

**IV.    Discussion**

Rule 11(b) of the Federal Rules of Civil Procedure states:

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later

6

>advocating it -- an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>>(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>>(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>>(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
>>(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11(c)(1) states, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."

"When ruling on a motion for sanctions pursuant to Fed. R. Civ. P. 11, the Court performs a two-part inquiry: '(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous.'" Benavides v. Miami Atlanta Airfreight, Inc., 612 F. Supp. 2d 1236, 1238 (S.D. Fla. 2008) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1105 (11th Cir. 2001)). "Rule 11 is intended 'to deter claims with no factual or legal basis at all.'" Id. (quoting Davis v. Carl, 906 F.2d 533, 538 (11th Cir. 1990)).

Having considered the arguments of the Parties, the Court concludes that the

Magistrate Judge's findings are neither clearly erroneous nor contrary to law. First, Defendant cites the wrong standard of review. The Court reviews the Magistrate Judge's decision to deny the motion for sanctions pursuant to the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure. Second, the Magistrate Judge correctly noted that this case was never decided on the merits. In fact, Defendant's motion to dismiss the complaint was denied as moot and Defendant never filed an answer in this case. Thus, Plaintiffs' TILA and FDUTPA claims were never decided against them on the merits. Third, the Magistrate Judge held an extensive hearing where he was able to hear from and assess the demeanor of both Plaintiffs, their initial counsel, and their current counsel. Fourth, *assuming* the Magistrate Judge erred in finding Plaintiffs' TILA and FDUTPA claims were not objectively frivolous, he did not err in declining to impose sanctions.[4] The decision is discretionary as Rule 11(c)(1) provides

---

[4] With regard to Plaintiffs' FDUTPA claim, the Magistrate Judge found Plaintiffs were not yet aware of Defendant's status and/or role with the mortgage note. Plaintiffs' claims may have also been influenced by the impending expiration of the statute of limitations period and Plaintiffs' stalled negotiations to modify their mortgage. Thus, the Magistrate Judge determined it was not readily apparent to Plaintiffs at the outset that Defendant was acting as an entity within Fla. Stat. § 501.212(4)(c)'s exemption. These findings were not clearly erroneous.

With regard to Defendant's argument that Plaintiffs should have sued the correct owner of the mortgage at the outset, the Magistrate Judge made certain factual findings that are not clearly erroneous. At the time the Complaint was filed, Plaintiffs had not been notified that their loan had been transferred and the true holder was now actually HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Asset-Backed Pass-Through Certificates Series 2007-PA6. In fact, Plaintiffs continued to send payment to Defendant and Defendant never advised them of the transfer. Although Defendant asserts Plaintiffs should have checked the public records for Miami-Dade County or sent a written request to Defendant, the failure to take these steps does not indicate their claim was frivolous.

"appropriate" sanctions "may" be imposed.  See Bullard v. Downs, 161 Fed. Appx. 886 , 887 (11th Cir. 2006) ("When a court determines that Rule 11(b) has been violated, the court has discretion to 'impose an appropriate  sanction upon the attorneys, law firms, or parties' and may 'award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.'").  Assuming Plaintiffs' TILA and FDUTPA

---

With regard to Defendant's argument that Plaintiffs' TILA claims are time-barred, Plaintiffs' rescission claims may have been within the three-year statute of limitations based upon Plaintiffs' assertion they never actually received notice of their right to cancel.  Defendant is correct that Plaintiffs' TILA damages claim is subject to 15 U.S.C.  § 1640(e)'s one-year statute of limitations and that Plaintiffs' claim was filed well after a year had passed.  Nevertheless, the Eleventh Circuit has held that TILA's statute of limitations may be equitably tolled.  See Ellis v. GMAC, 160 F.3d 703, 708 (11th Cir. 1998).  Thus, even if Plaintiffs' claim is facially barred by the one-year statute of limitations, it may not be objectively frivolous.  Regardless, even if the Magistrate Judge erred in applying the wrong statute of limitations to Plaintiffs' TILA claim for damages, and assuming such claim was objectively frivolous and Plaintiffs should have known it was frivolous, the Court would decline to impose sanctions based upon this claim.

With regard to Defendant's argument that the documents attached to the Complaint demonstrate Defendant disclosed the $9,975 "return to float fee," it is not objectively apparent that Defendant's simultaneous disclosure of the fee and credit for the "return to float fee" was in compliance with TILA's disclosure requirements.  Both sides contest whether such a fee requires disclosure and the law does not conclusively provide whether such disclosure is necessary.

Finally, the Court notes the Magistrate Judge may have erred in failing to adequately address Defendant's argument that the alleged failure to disclose the "return to float fee" fell within TILA's safe harbor provision for under-disclosure, 15 U.S.C. § 1605(f).  Section 1605(f)(2) provides that the disclosure of finance charges "shall be treated as being accurate" for purposes of the right to rescission "if the amount disclosed as the finance charge does not vary from the actual finance charge by more than an amount equal to one-half of one percent of the total amount of credit extended."  The disputed under-disclosed amount is $9,975, or exactly one half percent of $1,995,000.00, the amount of credit extended in this case.  Although the Report mentions Defendant's argument, it only addresses it implicitly.  (See Report at 7-8.)  Assuming Defendant's "return to float fee" fell within § 1605(f)'s safe harbor, and as such this TILA disclosure claim was objectively frivolous and Plaintiffs should have known it was frivolous, the Court would decline to impose sanctions based upon this claim.

9

claims are objectively frivolous and Plaintiffs and their counsel should have been aware that they were frivolous, the Court agrees with the Magistrate Judge that dismissal of the action would be the appropriate sanction in this case. As noted previously, this case has already been dismissed in its entirety (including those claims Defendant does not suggest are frivolous). Finally, the Magistrate Judge did not err in declining to impose sanctions in part based on the recognition that these cases are relatively new and a desire to avoid chilling potentially valid causes of action. Accordingly, consistent with this Order, it is hereby

**ORDERED AND ADJUDGED** that:

   1.   The Magistrate Judge's July 6, 2010, Report and Recommendation (D.E. 75) is **ADOPTED**, as modified by this Order, and Defendant's Objections to Report (D.E. 77) are **DENIED**;

   2.   Defendant's Motion for Rule 11 Sanctions (D.E. 30) is **DENIED** as to both counsel and Plaintiffs;

   3.   Defendant's Motion for Costs (D.E. 56) is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of February, 2011.

                                         **JOAN A. LENARD**
                                         **UNITED STATES DISTRICT JUDGE**